NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0220n.06

Case No. 15-1728

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

NEDSCHROEF DETROIT CORPORATION, )
NEDSCHROEF HERENTALS N.V., and )
KONINKLIJKE NEDSCHROEF HOLDING )
B.V., )
                         )
      Plaintiffs-Appellees, )
                         )
v. )
                         )
BEMAS ENTERPRISES LLC, MARC A. )
RIGOLE, and BERNARD E. LEPAGE, )
                         )
      Defendants-Appellants. )

**FILED**
Apr 22, 2016
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
MICHIGAN

BEFORE: BOGGS and KETHLEDGE, Circuit Judges; STAFFORD, District Judge.[*]

PER CURIAM. Marc A. Rigole and Bernard E. LePage had been long-time employees of Nedschroef Detroit Corporation when they formed—under their wives' names—Bemas Enterprises LLC ("Bemas"). Nedschroef Detroit is a Michigan corporation that was formed in or about 1991 to service and provide replacement parts for fastener machines that were manufactured by Nedschroef Herentals H.V.[1] in Europe but used in North America. Without Nedschroef's knowledge, Rigole and LePage formed Bemas in 2011 to also service and provide

---

[*] The Honorable William H. Stafford, Jr., Senior United States District Judge for the Northern District of Florida, sitting by designation.

[1] Nedschroef Detroit Corporation and Nedschroef Herentals N.V. (a Dutch affiliate of Nedschroef Detroit) are subsidiaries of Nedschroef Holding B.V. (hereinafter, collectively "Nedschroef").

replacement parts for Nedschroef machines in North America. During all times material to this case, Rigole was the manager of Nedschroef Detroit, the highest ranking Nedschroef employee in North America. LePage was a project and service engineer. Both had the authority to issue quotations, order replacement parts from suppliers, enter into contracts, and access Nedschroef's passcode-protected trade secrets.

Nedschroef fired Rigole and LePage in 2013, after learning about the competing operations of Bemas. Nedschroef thereafter filed suit against Bemas, Rigole, and LePage (collectively "Defendants"), seeking damages and injunctive relief. The district court granted summary judgment in Nedschroef's favor on nine counts: breach of the duty of loyalty, breach of fiduciary duty and misappropriation of corporate opportunities, violation of the Michigan Uniform Trade Secrets Act, conversion, statutory conversion, unfair competition, tortious interference, unjust enrichment, and civil conspiracy. The district court awarded Nedschroef $3,680,344.18 in damages and permanently enjoined Defendants from providing replacement parts or services for Nedschroef machines in North America. This appeal followed.

I

We review the district court's grant of summary judgment de novo. *United Rentals (N. Am.), Inc. v. Keizer*, 355 F.3d 399, 405 (6th Cir. 2004). Because the parties and their counsel are familiar with the facts of this case, those facts need not be recounted at length in this unpublished opinion.

II

The district court entered summary judgment on the nine counts after finding no genuine issues of material fact. Defendants assert on appeal that there were at least two disputed issues of fact, making summary judgment as to all claims inappropriate.

Defendants first point to what they say is the "crux of much of the case"—whether Rigole and LePage, while employed by Nedschroef, formed and operated Bemas as a *competing business*. According to Defendants, Bemas was *not competing* with Nedschroef but was rather "filling a gap" for customers "who were not going to use Nedschroef." In Defendants' words: "[There was testimony in the record] that Bemas would only provide parts and/or services to Nedschroef machines if customers previously requested a quote for the same part or service from Nedschroef and the quote was rejected by the customer." Defendants thus suggest that, contrary to the finding of the district court, there was a dispute of fact as to whether Bemas and Nedschroef were true *competitors*. Defendants do not dispute, however, that: (1) prior to the formation of Bemas, Nedschroef was the exclusive supplier of replacement parts to North American owners of Nedschroef machines; (2) Bemas and Nedschroef sold the same replacement parts and offered the same services for Nedschroef machines; and (3) virtually all of Bemas's customers who purchased goods and services for Nedschroef machines were originally customers of Nedschroef. To suggest that Bemas was not directly competing with Nedschroef is to ignore both common sense and the undisputed evidence in the case. The district court did not err in finding, as an undisputed fact, that Rigole and LePage formed and operated Bemas as a *competitor* of Nedschroef while they remained employees of Nedschroef.

Defendants also challenge the district court's finding that Defendants misappropriated Nedschroef's proprietary secrets, including Nedschroef's drawings of replacement parts, access to which was limited and which contained the following warning language: "These drawings are property of Nedschroef and Machienefabriek Herentals. No reproductions without written permission." Defendants claim that there was a question of fact regarding whether they obtained drawings from Nedschroef for use in manufacturing parts for Bemas. While Rigole and LePage

conceded that they had passcode-protected access to Nedschroef's drawings while they were employed at Nedschroef, they denied that they obtained any drawings from Nedschroef for use in manufacturing and selling parts for Bemas. They instead explained that Bemas's customers sent them drawings that were then sent to Bemas's suppliers for "reverse engineering" of parts for use on Nedschroef machines. Nedschroef's expert, on the other hand, testified (without rebuttal) that:

> [I]t is clearly evident that the Bemas drawings were copied directly from the Nedschroef drawings. This conclusion is supported by the comparison or drawing schemes (projection and views), dimensions and tolerances, surface finish specifications, and hardness/heat treatment specifications. The fact that there are virtually no differences between the drawings (and in many case, they are photocopies) eliminates any possibility that the Bemas drawings were created through reverse engineering or any other legitimate means.

Document production from Bemas's suppliers, moreover, showed that these suppliers received photocopies of Nedschroef drawings from Bemas, with all references to Nedschroef removed, including the warning not to reproduce the drawings. Steve Woloszyk, a Nedschroef employee until 2013, testified that while he worked at Nedschroef, his boss, Marc Rigole, gave him original Nedschroef drawings and instructed him to reproduce the drawings as "Bemas" part drawings, despite the text on the drawings forbidding reproduction.

The district judge recognized the factual issue presented by the parties' opposing submissions and accepted as true Defendants' assertion that Bemas obtained some of Nedschroef's proprietary drawings from Bemas's customers (i.e., former Nedschroef customers). Rigole admitted that, while employed by Nedschroef, both he and LePage on occasion gave Nedschroef suppliers Nedschroef's confidential, passcode-protected drawings. The district judge concluded, however, that regardless of the source from which Defendants obtained the drawings, Defendants in fact acquired Nedschroef's confidential drawings through breach of a duty to

maintain their secrecy, then used those drawings to manufacture and sell parts in direct competition with Nedschroef. The district court did not err in this regard.

Defendants state in the conclusion to their appellate brief that "numerous, significant, and key questions of fact are in dispute which should have precluded summary judgment." Other than the two purported disputes of fact already mentioned, we find nothing else addressed in the brief that requires discussion.

III

After careful review of the record and the parties' arguments on appeal, we are satisfied that the district court properly granted summary judgment as well as a permanent injunction in favor of Nedschroef. We AFFIRM.